UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORREY SELCK,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SACRAMENTO,<br><br>　　　　　　Defendant. | No. 2:19-cv-00489 KJM AC (PS)<br><br><br>ORDER |

Plaintiff is proceeding in this action pro se, and pretrial proceedings are accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). On March 19, 2019, plaintiff filed this fee-paid action for "conversion of property." ECF No. 1. On April 16, 2019, defendant moved to dismiss for lack of standing and lack of subject matter jurisdiction. ECF No. 5. That motion remains pending, and is scheduled for hearing on May 29, 2019.

On May 6, 2019, plaintiff filed a two-page document captioned as a "Motion for Injunction of Sale of personal Property," which the court construes as a request for a temporary restraining order or preliminary injunction. ECF No. 10. Therein, plaintiff seeks to "prevent the sale of [his] household property and assets in storage." Id. Plaintiff asserts that defendant is holding his mother in conservatorship against her will to prevent her from transferring title in her home to plaintiff. Id. Plaintiff describes a portion of the conservatorship proceedings and contends that defendant has denied him access to various items of personal property. Id. Because

1

this motion does not comply with federal and local rules governing requests for immediate injunctive relief, and because this court's jurisdiction over the matter is unclear, the motion will be denied.

## I. APPLICABLE LAW

A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party only if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." See Fed. R. Civ. P. 65(b)(1)(A). Local Rule 231(a) states that "[e]xcept in the most extraordinary of circumstances, no temporary restraining order shall be granted in the absence of actual notice to the affected party and/or counsel[.]" In the absence of such extraordinary circumstances, the court construes a motion for temporary restraining order as a motion for preliminary injunction. See, e.g., Aiello v. One West Bank, No. 2:10–cv–0227–GEB–EFB, 2010 WL 406092, at *1–2 (E.D. Cal. Jan. 29, 2010).

The party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). The propriety of a request for injunctive relief hinges on a demonstrated threat of irreparable injury that must be imminent in nature. Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988).

In reviewing a motion for TRO, the court "will consider whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief," and if so, may deny the motion solely on this ground. E.D. Cal. R. 231(b). Local Rule 231 requires a party seeking a TRO to file several documents, including a complaint, a brief on all relevant legal issues, and "an affidavit detailing the notice or efforts to effect notice to the affected parties or counsel or showing good cause why notice should not be given . . . ." E.D. Cal. R. 231(c). Motions for preliminary injunction, likewise, must be accompanied by briefs, affidavits on the question of irreparable injury, and a proposed order. E.D. Cal. R. 231(d).

## II. DISCUSSION

Initially, as highlighted by defendant's motion to dismiss (ECF No. 5), the court's jurisdiction—or power to hear this case—is currently in question. Even assuming the court has jurisdiction, however, plaintiff's motion does not permit the undersigned to evaluate whether immediate injunctive relief is warranted. Plaintiff has provided none of the required supporting documentation. He has not identified any critical date in this action, and he provides no reason to conclude he could not have sought relief earlier. To the extent that plaintiff is only seeking a preliminary injunction, his application does not comply with the notice requirements of Local Rules 144, 230, and 231(d). Neither has he supplied any affidavits in support of the question of irreparable injury. Therefore, the motion will be denied.

Plaintiff is instructed not to file any further motions until the pending motion to dismiss has been resolved. Plaintiff is reminded that any opposition to the pending motion to dismiss is due on or before May 15, 2019, two weeks prior to the scheduled hearing date. See E.D. Cal. R. 230(c).

## III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for injunction (ECF No. 10) is DENIED without prejudice as procedurally defective.

DATED: May 14, 2019

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE