UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORREY SELCK,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>Defendants. | No. 2:19-cv-00489 KJM AC (PS)<br><br>ORDER & FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se, and pretrial proceedings are accordingly referred to the undersigned pursuant to Local Rule 302(c)(21).[1] This matter comes before the court on a motion to dismiss by defendant the County of Sacramento ("the County"). ECF No. 5. The motion came on for hearing on June 5, 2019 at 10:00 am. ECF No. 13. Defendant's counsel appeared, plaintiff did not appear, and the matter was taken under submission. Id. For the reasons discussed below, the motion to dismiss should be granted, and the case dismissed for lack of jurisdiction.

## I. BACKGROUND

In March 2019, plaintiff, proceeding pro se, filed this fee-paid action against defendants the County and Prime Homes Inc. ECF No. 1. Plaintiff's form complaint is styled as a

---

[1] Plaintiff and the County both consented to the jurisdiction of a magistrate judge, pursuant to 28 U.S.C. § 636(c)(1). ECF Nos. 4, 5.4. However, Prime Homes Inc. is also named as a defendant (ECF No. 1 at 2) and has not consented (or appeared in this action).

1

"Complaint for the Conversion of Property," and asserts jurisdiction under 28 U.S.C. § 1332, diversity jurisdiction. Id. at 1, 3. Plaintiff lists a California address for himself and states that he is a citizen of California. Id. at 3. He also states that the County is a citizen of California, and that Prime Homes, Inc. is incorporated in California and has its primary place of business in California. Id.

In answer to the questions listed on the form complaint, plaintiff identifies the property at issue as the "personal residence of family and registered place of business for real estate corporation head quarters." Id. at 4. In answer to a question asking, "How and when did you come to own the property?" plaintiff states only that his "[p]arents aquired property in 1972." Id. Plaintiff alleges that the County converted the property and certain assets without the consent of his mother, the owner, who was being "[h]eld in facility intentionally and not allowed to leave to convwey deed to heir (myself) [sic]." Id. He asserts that the property was sold under duress without a lawful basis, causing intentional mental and physical damage to the owner of the property. Id. at 5. He seeks at least $450,000 in damages. Id. at 4. Plaintiff also attaches to the complaint various documents relating to the sale of real property that was part of the conservatorship of Teruko Y. Selck (presumably plaintiff's mother). Id. at 6-23.

The County moves to dismiss for lack of subject matter jurisdiction and failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 5. With respect to Rule 12(b)(1), the County argues that the court lacks subject matter jurisdiction because the parties are not diverse, no question of federal law is implicated, and plaintiff does not have standing. ECF No. 5 at 1-7. Plaintiff has not filed any opposition.

II.     DISCUSSION

A.    Legal Standards for Rule 12(b)(1) Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action. Jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). Federal courts are courts of limited

jurisdiction and may adjudicate only those cases authorized by federal law. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136–37 (1992). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)). Without jurisdiction, the district court cannot decide the merits of a case or order any relief and must dismiss the case. See Morongo, 858 F.2d at 1380.

Federal jurisdiction may be established in one of two ways. First, what is known as "federal question" jurisdiction may be established by bringing a claim based on federal law. 28 U.S.C. § 1331. Second, jurisdiction may be established by a showing that the plaintiff and defendant are diverse (from different sates) and that the amount in controversy is over $75,000. 28 U.S.C. § 1332.

When a party brings a facial attack to subject matter jurisdiction, that party contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In a Rule 12(b)(1) motion of this type, the factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003); Miranda v. Reno, 238 F.3d 1156, 1157 n.1 (9th Cir. 2001). In this case, the County presents a "facial" attack, arguing that because the parties are not diverse and the complaint does not assert any federal question, the court lacks jurisdiction. ECF No. 5 at 1-2, 5.

B.   The Court Lacks Subject Matter Jurisdiction over This Action

Subject matter jurisdiction is lacking in this case. Plaintiff asserts in his complaint that diversity jurisdiction exists. However, because all parties to the action are citizens of California, they are not diverse.

A "natural person's state citizenship is . . . determined by her state of domicile," i.e., her permanent home. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). A

3

| | |
|---|---|
| 1 | corporation is a citizen both of the state in which it is incorporated and of the state in which its |
| 2 | principal place of business is located.  See 28 U.S.C. § 1332(c)(1).  Therefore, based on the face |
| 3 | of the complaint, plaintiff is a citizen of California, and so is Prime Homes.  The County is also |
| 4 | considered a citizen of California for diversity purposes.  See Moor v. Alameda Cty., 411 U.S. |
| 5 | 693, 721 (1973) (concluding that a California county is a citizen of California for purposes of |
| 6 | diversity jurisdiction).  Therefore, diversity jurisdiction is not available in this case. |
| 7 | The second method of establishing subject matter jurisdiction is also unavailing in this |
| 8 | case, because the complaint identifies no federal law as the basis for relief.  Nor is the court aware |
| 9 | of any federal cause of action arising from the facts alleged.  Claims of conversion, interference |
| 10 | with a business, and duress are all state law claims, and implicate no federal law.  Therefore, |
| 11 | jurisdiction cannot lie under section 1331. |
| 12 | The burden of establishing jurisdiction rests upon plaintiff as the party asserting |
| 13 | jurisdiction.  Kokkonen, 511 U.S. at 377.  Plaintiff has failed to meet this burden, and his |
| 14 | complaint should be dismissed.  Having concluded that it lacks jurisdiction, the court need not |
| 15 | address the County's alternative arguments regarding plaintiff's standing and failure to state a |
| 16 | claim.[2] |
| 17 | Leave to amend should not be granted in this case because it is clear from the allegations |
| 18 | in the complaint that federal jurisdiction is not available, and the complaint's deficiencies cannot |
| 19 | be cured by amendment.  Noll, 809 F.2d at 1448. |
| 20 | III.    CONCLUSION |
| 21 | Accordingly, IT IS HEREBY ORDERED that the initial scheduling conference currently |
| 22 | set for September 25, 2019 is VACATED. |
| 23 | //// |

---

[2] Prime Homes has not appeared in this action, nor is there any indication it has been served. Although Prime Homes did not join in the County's motion to dismiss, the court has an independent obligation to evaluate its jurisdiction.  Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996) ("federal courts are under an independent obligation to examine their own jurisdiction").  Thus, the case must be dismissed as to Prime Homes as well.  See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Furthermore, based on the foregoing, IT IS RECOMMENDED that:

1. Defendant's motion to dismiss (ECF No. 5) be GRANTED;
2. The complaint be DISMISSED with prejudice against all defendants for lack of jurisdiction; and
3. The case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: June 5, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE